Arthur BAILEY, Jr., Petitioner-Appellant,

v.

Frank BLACKBURN, Warden, Louisiana State Penitentiary, Respondent-Appellee.

No. 78–3306
Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

June 15, 1979.

---

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

Arthur Bailey, pro se.

Wm. J. Guste, Jr., Atty. Gen., Baton Rouge, I.., William E. Wynne, Asst. Dist. Atty., New Orleans, La., for respondent-appellee.

Before AINSWORTH, GODBOLD and VANCE, Circuit Judges.

PER CURIAM:

Bailey is a Louisiana state prisoner under a life sentence as a multiple offender. He contends, by a federal habeas corpus petition, that the Louisiana multiple offender statute, La.R.S. 15:529.1, violates the Eighth Amendment. The district court dismissed without prejudice for failure to exhaust Louisiana state remedies. In a series of cases the Louisiana courts have held the statute constitutional, so Bailey contends it is futile for him to present his claim first to the state courts.

The district court relied upon our panel opinion in *Rummel v. Estelle*, 568 F.2d 1193 (CA5, 1978), which held the Texas habitual criminal statute violated the Eighth Amendment and would appear to require the Louisiana courts to re-examine their position. The panel decision in *Rummel* was, however, vacated by the court en banc which held the Texas statute constitutional. *Rummel v. Estelle*, 587 F.2d 651 (CA5, 1978) (en banc). Despite this we think that the Louisiana courts are entitled to re-examine their positions in the light of the en banc decision in *Rummel*. For example, one of the factors relied upon by the en banc court in sustaining the validity of the Texas statute was Rummel's eligibility for parole after 12 calendar years. The Louisiana parole structure is materially different. Among other things, it forbids parole to a prisoner serving a life sentence unless his sentence is first commuted by the governor to a term of years. La.R.S. 15:574.4(B) and 15:572. Whether in light of *Rummel* en banc such a statute is constitutional is a matter for Louisiana courts to address first.

AFFIRMED.